IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-10022 |
| | ) | |
| **MICHAEL J. ROUX,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Roux's Motions for Compassionate Release (D. 96) (D. 101) and the Government's Response (D. 104). For the reasons set forth below, Defendant's Motions are DENIED.

## BACKGROUND

On February 25, 2009, Defendant was charged with production of child pornography in violation of 18 U.S.C. § 2251 (Count I) and criminal forfeiture pursuant to 18 U.S.C. § 2253(a)-(b) (Count II). (D. 1). On August 27, 2009, a jury found Defendant guilty of Count I. (D. 44). According to the Presentence Investigation Report, the victims were the Defendant's girlfriend's minor daughters, who he repeatedly sexually abused and raped over several years while they were in his care, custody, or supervisory control. (D. 45). At the time of sentencing, Defendant' criminal history included only a misdemeanor for disorderly conduct (1990) and a DUI (1991). *Id.* at ¶¶ 58-59. On May 11, 2010, this Court sentenced Defendant to 360 months of imprisonment, and a life term of supervised release. (D. 65). Defendant is currently housed at FCI Fort Dix, New Jersey, and his expected release date is January 6, 2034. (D. 101, p. 2).

On June 21, 2021, Defendant filed a *pro se* Motion for Compassionate Release. (D. 96). On June 22, 2021, the Court appointed counsel to represent him. (d/e 06/22/2021). On July 15, 2021, defense counsel submitted an Amended Motion for Compassionate Release. (D. 101). On August 5, 2021, the Government filed a response in opposition to compassionate release. (D. 104). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the BOP file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181. Furthermore, even if this Court finds an "extraordinary and compelling" reason to warrant a sentence reduction, it is disinclined to do so unless it determines that a defendant "is not a danger to the safety of any other person or to the community." *See* USSG § 1B1.13(2).

## DISCUSSION

The Court finds the exhaustion requirements have been met, and therefore addresses this matter on the merits. Defendant is a 58-year-old male who seeks compassionate release due to: (1) underlying medical conditions that increase his risk for severe illness if he contracts COVID-19, specifically, obesity, diabetes mellitus, hypertension, hyperthyroidism, and heart disease; (2) despite having already had COVID-19 and receiving the vaccine, he is concerned about the new Delta variant; and (3) the § 3553(a) factors, which he claims weigh in favor of compassionate release.

**A. Defendant's Medical History and the COVID-19 Pandemic.**

The Center for Disease Control and Prevention ("CDC") has identified several medical conditions that make an individual more likely to become severely ill from COVID-19, including diabetes, hypertension, heart disease, and obesity, which the Defendant suffers from. *See Center for Disease Control and Prevention, People With Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on 08/18/2021). The CDC has recommended people with these

medical conditions take preventative measures, such as getting the vaccine, which the Defendant did on January 21, 2021 and February 10, 2021. (D. 101, p. 8).

While Defendant has concerns regarding the spread of the COVID-19 Delta variant throughout the BOP, this Court finds it promising that Defendant has already received the vaccine. According to the CDC, the COVID-19 vaccines are "highly effective at preventing severe disease and death, including against the Delta variant." *Center for Disease Control and Prevention, Delta Variant, What We Know About the Science* https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (lasted visited on 08/18/2021). Although the vaccines are not 100 percent effective, they will still provide strong protection to the Defendant against serious illness and death. *See id.*

"[T]he mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *United States v. Melgarejo*, 2020 WL 2395982 at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6.

Although COVID-19 has spread at an alarming rate throughout the BOP's facilities, as of today, there are zero inmates and only two staff members who are positive for COVID-19 at FCI Fort Dix. (*Federal Bureau of Prisons, COVID-19 Coronavirus,* https://www.bop.gov/coronavirus/ (last visited 08/18/2021). The Court also notes that there are 1,693 inmates who have recovered from COVID-19 at FCI Fort Dix, including the Defendant, and it appears the facility now has the spread under control. *See id.* The Court is also optimistic that the facilities will continue to keep

the spread of COVID-19 under control, due to the availability and effectiveness of the COVID-19 vaccine.

Finally, Defendant's general concern about being reinfected with the virus and possibly suffering serious complications in the future, despite having received the vaccine, is speculative at best. Defendant contracted COVID-19 in July 2020, and no evidence has been produced showing he suffered severe illness because of his underlying health conditions. Furthermore, Defendant has since received the vaccine, which will provide him additional protection against COVID-19 and the Delta variant. As such, this Court does not find an "extraordinary and compelling" reason exists warranting a sentence reduction.

**B.   The § 3553(a) factors do not warrant a sentence reduction.**

The Seventh Circuit recently held that the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons must proceed in two steps. *Thacker,* 4 F.4th at 576. First, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction. *Id.* Upon a finding that an "extraordinary and compelling" reason exists, step two requires a district court to exercise its discretion to consider any applicable sentencing factor in § 3553(a) to determine what sentence reduction to award the prisoner. *Id.*

Here, this Court found that Defendant failed to identify an "extraordinary and compelling" reason warranting a sentence reduction. Therefore, the Court need not consider the sentencing factors under § 3553(a).

## CONCLUSION

For the reasons set forth above, Defendant's Motions for Compassionate Release [96], [101] are DENIED.

ENTERED this 25th day of August, 2021.

                                                      s/ Michael M. Mihm
                                                     Michael M. Mihm
                                                     United States District Court Judge